**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JARRIN JACKSON,

     Plaintiff - Appellant,

v.

KELLY GREENOUGH; M. JOHN KANE,
IV; GENTNER DRUMMOND,

     Defendants - Appellees.

_____


JARRIN JACKSON,

     Plaintiff - Appellant,

v.

M. JOHN KANE, IV, Chief Judge OK
Supreme Court; TRACY PRIDDY, Tulsa
District Judge; TAMMY BRUCE, Tulsa
District Judge; DUSTIN ROWE, OK
Supreme Court Justice; YVONNE
KAUGER, OK Supreme Court Justice;
JAMES WINCHESTER, OK Supreme
Court Justice; JAMES EDMONDSON,
OK Supreme Court Justice; DOUGLAS
COMBS, OK Supreme Court Justice;
NOMA GURICH, OK Supreme Court
Justice; RICHARD DARBY, OK Supreme
Court Justice; DANA KUEHN, OK
Supreme Court Justice,

     Defendants - Appellees.

_____

No. 25-5038
(D.C. No. 4:24-CV-00379-JFH-CDL)
(N.D. Okla.)

No. 25-5040
(D.C. No. 4:24-CV-00449-JFH-CDL)
(N.D. Okla.)

JARRIN JACKSON,

     Plaintiff - Appellant,

v.

DUSTIN ROWE; YVONNE KAUGER;
JAMES WINCHESTER; JAMES
EDMONDSON; DOUGLAS COMBS;
NOMA GURICH; RICHARD DARBY;
DANA KUEHN; M. JOHN KANE, IV;
TAMMY BRUCE,

     Defendants - Appellees.

No. 25-5041
(D.C. No. 4:24-CV-00456-JFH-CDL)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

In these three related appeals, Jarrin Jackson, proceeding *pro se*,[1] appeals the

dismissal of his civil actions against various judges and attorneys connected with the

Tulsa County District Court.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Jackson proceeds *pro se*, we construe his arguments liberally,
but we "cannot take on the responsibility of serving as [his] attorney in constructing
arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*,
425 F.3d 836, 840 (10th Cir. 2005).

2

Mr. Jackson is a party in state tort proceedings in Tulsa, Oklahoma. Dissatisfied with the Tulsa County District Court's resolution of those proceedings, he brought three actions in the Northern District of Oklahoma, naming as defendants various Oklahoma state judges and lawyers with the Oklahoma Attorney General's office. In each case, the defendants moved to dismiss, and the district court judge referred the motions to a magistrate judge for a report and recommendation.

The magistrate judge's jurisdiction in each case arose under the Federal Magistrates Act, 28 U.S.C § 636, and, in each case, the magistrate judge recommended dismissal of Mr. Jackson's claims. Each report and recommendation advised Mr. Jackson he had fourteen days to file any objections, on penalty of waiver. Mr. Jackson did not file a timely response to any report and recommendation.[2] Thereafter, the district court dismissed the claims in each complaint. These appeals followed.

This court has adopted the firm-waiver rule, under which "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The firm-waiver rule "does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review."

---

[2] In the case underlying appeal No. 25-5038, Mr. Jackson did file a response to the report and recommendation, but he filed it three days late—outside the fourteen-day period prescribed by Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1).

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotation marks omitted).

The Supreme Court affirmed the constitutionality of the firm-waiver rule in *Thomas v. Arn*, 474 U.S. 140, 155 (1985). *See id.* ("[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired. Such a rule, at least when it incorporates clear notice to the litigants and an opportunity to seek an extension of time for filing objections, is a valid exercise of the supervisory power that does not violate either the Federal Magistrates Act or the Constitution.").

Mr. Jackson failed to make timely objections to any of the recommendations of the magistrate judge. The magistrate judge included the appropriate advisement in each report and recommendation, so the first exception does not apply. And Mr. Jackson offers no basis to conclude the second exception would apply, nor is any basis readily apparent.

Because, by operation of the firm-waiver rule, Mr. Jackson has waived appellate review in all three cases (Appeal Nos. 25-5038, 25-5040, and 25-5041), we affirm the district court's judgments.

Entered for the Court

Allison H. Eid
Circuit Judge

4